UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MASOUD MICHAEL TAFACORY § | |
| § | |
| v. § | CIVIL CASE NO. 4:19-CV-886-SDJ |
| § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, AS TRUSTEE, § | |
| IN TRUST FOR REGISTERED § | |
| HOLDERS OF LONG BEACH § | |
| MORTGAGE LOAN TRUST 2006-6, § | |
| ASSET-BACKED CERTIFICATES, § | |
| SERIES 2006-6 § | |

**MEMORANDUM ADOPTING THE REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 6, 2020, the Report of the Magistrate Judge, (Dkt. #32), was entered containing proposed findings of fact and recommendations that Defendant Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-6, Asset-backed Certificates, Series 2006-6's Motion for Summary Judgment be granted and Motion for Judgment on the Pleadings be denied as moot. (Dkt. #20).[1] Having assessed the Report and considered Plaintiff's Objections, (Dkt. #33), and Defendant's Response, (Dkt. #35), the Court determines that the Magistrate Judge's Report and Recommendation should be adopted.

---

[1] Defendant will sometimes be referenced herein as "Deutsche Bank."

**BACKGROUND**

The underlying facts of this case are set forth in detail in the Report. As such, the Court describes only those facts pertinent to the Plaintiff's Objections.

### I. Texas Law on Homestead Liens

The Texas Constitution permits homeowners to voluntarily encumber their homesteads with a lien in return for an extension of credit, Tex. Const. art. XVI § 50(a)(6), but various requirements are imposed on such home equity loans, *id*. § 50(a)(6)(A)–(Q). As relevant here, one such requirement is that the amount of a home equity loan may not exceed eighty percent of the fair market value of the homestead on the date the extension of credit is made. *Id*. § 50(a)(6)(B). The remedy for a violation of this requirement is forfeiture of all principal and interest. *Id*. § 50(a)(6)(Q)(x).

Lenders may conclusively rely on a written acknowledgment by the property owner as to the fair market value of the homestead when it matches the value estimate in an appraisal prepared in accordance with state requirements for an extension of credit. *Id*. § 50(h). However, lenders may not rely on such an acknowledgment if they have actual knowledge that the fair market value included is incorrect. *Id*. § 50(h)(2).

### II. The History of the Lien on the Real Property at Issue

On May 25, 2006, Plaintiff Masoud Michael Tafacory executed a $584,000 home equity loan with Long Beach Mortgage Company ("Long Beach"). On the same date, Tafacory also executed a deed of trust, recorded in the real property records of

Dallas County, Texas, establishing a first lien on real property located at 4527 Briar Oaks Circle, Dallas, Texas (the "Property"). Tafacory also signed a fair market value acknowledgment which, consistent with an appraisal conducted on the Property, confirmed that the fair market value of the Property was $730,000 at the time these transactions occurred. Accordingly, Tafacory's home equity loan met the Texas Constitution's requirement that the amount of a home equity loan may not exceed eighty percent of the fair market value of the homestead on the date the extension of credit is made.

Tafacory is in default on the home equity loan. He is past due for the June 1, 2010 mortgage payment and all subsequent mortgage payments due under the loan. In January 2013 and October 2015 notices of default were sent to Tafacory, but he failed to cure the default.

In December 2017, Deutsche Bank was assigned the deed of trust, and in March 2019, Deutsche Bank filed an application to foreclose Tafacory's loan in the 296th Judicial District Court of Collin County, Texas. In June 2019, the state court entered an Order of Foreclosure, and on October 14, 2019, a Notice of Acceleration and Posting was sent to Tafacory's last known address, the Property. The notice advised Tafacory that, because of his default on the monthly mortgage payments, Deutsche Bank, the mortgagee, had elected to accelerate the maturity of the debt such that all sums owed under the loan were immediately due and payable, and that Deutsche Bank would proceed to foreclose and sell the Property at public auction under the terms of the deed of trust.

### III.     The Litigation between Tafacory and Deutsche Bank

Seeking to halt foreclosure proceedings on the Property, Tafacory filed suit in the 429th Judicial District Court of Collin County, Texas on November 1, 2019. The foreclosure, which had been scheduled for November 5, 2019, was halted. The case was subsequently removed to this Court. Under his current, amended complaint, Tafacory asserts the following claims against Deutsche Bank: (1) breach of contract; (2) suit to quiet title; (3) declaratory judgment and injunction; (4) fraudulent misrepresentation; (5) negligent misrepresentation; (6) promissory estoppel; (7) negligence and gross negligence: and (8) contest of right to foreclose. Deutsche Bank has counterclaimed, seeking an order authorizing foreclosure or judicial foreclosure and a judgment authorizing a foreclosure sale under applicable law.

Deutsche Bank's summary-judgment motion requests that Tafacory's claims be dismissed with prejudice and that the Court enter a judgment on its counterclaim authorizing foreclosure. Both parties concur that the case turns on the validity of the lien on the Property, and more specifically whether the principal of the home equity loan at issue exceeded eighty percent of the fair market value of the Property, in violation of the Texas Constitution.

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). Relevant to consideration of Tafacory's objections herein, the Magistrate

Judge recommended that the Court "disregard the statements in the Tafacory Affidavit and First and Supplemental Gardiner Affidavit that directly contradict both the Home Equity Affidavit and FMV Acknowledgement," conclude "the Loan was executed under the requirements of the Texas Constitution and is valid," grant Deutsche Bank summary judgment as to its counterclaim for foreclosure, and dismiss each of Tafacory's claims and requests for relief. (Dkt. #32 at 15, 18, 22–30).

### I. First Objection – Sham-Affidavit Doctrine

In his first objection to the Report, Tafacory argues that the Magistrate Judge improperly concluded that an affidavit submitted by Tafacory in this case ("Tafacory Affidavit") falls within the scope of the sham-affidavit doctrine. (Dkt. #33 at 2–3). The Tafacory Affidavit asserts that a fire occurred at the property before the home equity loan was closed, and that Tafacory told Long Beach about the fire before the loan was closed. According to the Tafacory Affidavit, as a result of the fire the fair market value of the Property was substantially lower than reflected in the home equity affidavit and fair market value acknowledgment executed by Tafacory at the time the loan was closed.

Tafacory contends that his "right to testify about the value of the Homestead is fundamental to Texas real-estate law, and the home equity affidavit does not extinguish that right" and, in any event, the home equity affidavit and fair market value acknowledgment "are not conclusive evidence of value." (Dkt. #33 at 2–3). In response, Deutsche Bank contends that Tafacory does not even attempt to provide a legitimate explanation for the stark contradictions between the Tafacory Affidavit,

created in 2020 in connection with this litigation, and Tafacory's sworn statements in 2006 concerning the fair market value of the Property. (Dkt. #35 at 4).

After de novo review, the Court agrees with the Magistrate Judge that the Tafacory Affidavit falls within the scope of the sham-affidavit doctrine. A court can disregard an affidavit or unsworn declaration that contradicts the party's own prior testimony, without an explanation for the change in the testimony, that attempts to create a fact issue and avoid summary judgment. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 85 (Tex. 2018); *Winzer v. Kaufman Cty.*, 916 F.3d 464, 472 (5th Cir. 2019). As the Magistrate Judge noted, Tafacory signed a home equity affidavit and fair market value acknowledgment in 2006 affirming, under oath, that the requirements for the origination of a Texas home equity loan had been met. (Dkt. #20-1 at 3, 22–27, 30). Now, some fourteen years after the fact, Tafacory claims there was a fire in the garage of the Property on May 19, 2006, that reduced the value of the Property and of which Long Beach was informed prior to closing. (Dkt. #23-1 at 2). But Tafacory cannot impeach his own sworn, written statements in 2006 with a self-serving declaration in 2020. *See Deutsche Bank Nat'l Tr. Co. v. McGowen*, No. A-16-cv-723-DAEML, 2017 WL 8809687, at *6 (W.D. Tex. Dec. 19, 2017). Indeed, a borrower's sworn statements at closing are conclusive on the issues of compliance with the Texas Constitution's home-equity provisions. *See Summers v. PennyMac Corp.*, No. 3:12-CV-01235-L, 2012 WL 5944943, at *9 (N.D. Tex. Nov. 28, 2012); *In re Erickson*, No. 09-11933, 2012 WL 4434740, at *7–8 (W.D. Tex. Sept. 24, 2012).

Tafacory similarly argues that the Magistrate Judge improperly disregarded the affidavits of Allen W. Gardiner submitted by Tafacory concerning the fair market value of the Property ("Gardiner Affidavits"). (Dkt. #33 at 3–4). Tafacory contends that the Gardiner Affidavits satisfy the requirements for expert testimony even though Gardiner wholly relied on Tafacory's statements to find the existence of fire damage to the Property affecting its value. (Dkt. #33 at 3). The Magistrate Judge properly concluded that the Gardiner Affidavits should be disregarded. (Dkt. #32 at 15). The Gardiner Affidavits, which retroactively estimate the fair market value of the Property, rely entirely on the representations made in the Tafacory Affidavit regarding a purported fire at the Property in 2006. (Dkt. #25-1 at 13–15). Because the Court has held that the Tafacory Affidavit is subject to the sham-affidavit doctrine, the reliance of Mr. Gardiner on the content of the Tafacory Affidavit as the foundation of his fair market value opinions renders the Gardiner Affidavits equally unreliable. Tafacory's objection is overruled.

## II. Second and Third Objections – Validity of the Lien and Judicial Foreclosure

Tafacory further argues that the Magistrate Judge improperly concluded that the lien on the Property is valid under the Texas Constitution and thus erred in recommending the Court grant Deutsche Bank summary judgment as to its counterclaim for judicial foreclosure. (Dkt. #33 at 4–5). Tafacory specifically maintains that Deutsche Bank failed to present conclusive evidence of the value of the secured property at issue.

Fatal to this objection is Tafacory's failure to object to or address the Magistrate Judge's conclusion that there is no competent evidence before the Court that the original lender had any knowledge that the state certified appraisal made in connection with the home equity loan was incorrect or inaccurate. This lender knowledge is a required element to overcome the safe harbor of a lender's reliance on a home equity affidavit and fair market value acknowledgment like those executed by Tafacory in 2006. In this regard, Texas law is clear that lenders may conclusively rely on a written acknowledgment by the property owner as to the fair market value of a homestead when it matches the value estimate in a appraisal prepared in accordance with state requirements for an extension of credit. TEX. CONST. art. XVI § 50(h); *Gonzalez v. U.S. Bank Nat. Ass'n ex rel. GMAC Mortg., L.L.C.*, 548 F. App'x 118, 119 (5th Cir. 2013). The execution of the home equity affidavit and fair market value acknowledgment at the time the home equity loan was closed confirms that both parties believed that the loan complied with the requirements of the Texas Constitution. *See Longino v. Select Portfolio Servicing, Inc.*, N. CV H-18-1418, 2019 WL 2369302, at *3 (S.D. Tex. June 5, 2019) (holding, under similar circumstances involving a home equity loan and homestead lien, that an appraisal and fair market value acknowledgment signed by the plaintiff were controlling as to whether there was compliance with the Texas Constitution's "80% Rule" ).

The only circumstance in which a lender may not rely on such acknowledgments is if they have actual knowledge that the fair market value included is incorrect. *Id.* § 50(h)(2). Here, however, the Report correctly concludes

that Tafacory failed to produce any competent evidence that the original lender, Long Beach, had actual knowledge that the fair market value of the Property at the time of closing was incorrect. Tafacory fails to address this issue in his objections.

In short, the evidence before the Court conclusively confirms that the lien is valid and Deutsche Bank is entitled to foreclose. Tafacory's second and third objections are overruled.[2]

### III.     Fourth Objection – Dismissal of Each of Plaintiff's Claims

Tafacory's final objection argues that the Magistrate Judge improperly recommended that Tafacory's claims for breach of contract, fraudulent and negligent misrepresentation, promissory estoppel, negligence and gross negligence, contest of right to foreclosure, quiet title, and request for declaratory judgment and injunctive relief each be dismissed. (Dkt. #33 at 6–7). This objection is premised entirely on Tafacory's argument that the subject lien is invalid, which the Court has already rejected. Because Tafacory offers no other discernable basis for objecting to the Magistrate Judge's recommendation regarding each of his claims, Tafacory's final objection is overruled.

---

[2] Tafacory attempts to support his objection by pointing to the decision in *Wells Fargo Bank, N.A. v. Leath*, 425 S.W.3d 525 (Tex. App.—Dallas 2014, pet. denied), arguing that *Leath* is "controlling" here. (Dkt. #33 at 4–6). Not so. Unlike Deutsche Bank, the lender in the *Leath* case failed to timely argue the applicability of the presumption created by Article XVI, Section 50(h) of the Texas Constitution that a lender or its assignee may rely on the written acknowledgment as to the fair market value of the homestead property. Accordingly, the *Leath* court did not consider this issue, which is dispositive of the instant case. *See* 425 S.W.3d at 540–41.

## CONCLUSION

Having considered Tafacory's objections, (Dkt. #33), and Deutsche Bank's response, (Dkt. #35), the Court adopts the Magistrate Judge's Report and Recommendation, (Dkt. #32), as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment, (Dkt. #20), is **GRANTED**, and Defendant's Motion for Judgment on the Pleadings is **DENIED AS MOOT**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**, and Defendant is entitled to a judgment as a matter of law as to its counterclaim for judicial foreclosure. The Court will separately enter a final judgment.

**So ORDERED and SIGNED this 15th day of March, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE